UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEANTHONY FORD

VERSUS

BATON ROUGE CITY, ET AL

CIVIL ACTION

NUMBER 07-687-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 11, 2008.

                                               STEPHEN C. RIEDLINGER
                                               UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEANTHONY FORD

VERSUS

BATON ROUGE CITY, ET AL

CIVIL ACTION

NUMBER 07-687-JVP-SCR

**MAGISTRATE JUDGE'S REPORT**

This case is before the court on an order for the plaintiff to show cause why the complaint should not be dismissed for failure to serve the defendants. Record document number 21. Plaintiff filed a response.[1]

Neither of the defendants filed an answer or otherwise made an appearance and the record contains no indication that either of the defendants has been properly served with a summons and the complaint.[2]

This case was assigned for a scheduling conference on January 24, 2008 and notice of the conference was served on counsel for the plaintiff on October 9, 2007.[3] Neither counsel for the plaintiff

---

[1] Record document number 22.

[2] The record contains a return of service indicating service by U.S. Mail on the "East Baton Rouge Parish Police Department" July 12, 2007, and service by U.S. Mail on July 17, 2007 on Mayor Kip Holden. Record document number 5. Service by mail on these defendants was not proper under Rule 4(e) or (j), Fed.R.Civ.P.

[3] Record document number 17.

2

appeared for the conference, contacted the court about rescheduling the conference, or sought to be excused from attending it. The status report required by the order which scheduled the conference was not filed.

Plaintiff was ordered show cause, in writing, why his complaint should not be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), Fed.R.Civ.P. Plaintiff was also ordered show cause why sanctions should not be imposed pursuant to Rule 16, Fed.R.Civ.P., for failure to file the status report and failure of either counsel to attend the scheduling conference.

In the response to the show cause order, counsel explained that because the fee to represent the plaintiff in his criminal case has not been paid yet, counsel has not taken any action in the plaintiff's civil case. Counsel requested a continuance of 60 days to allow payment of his fee, and if the fee was not paid he and co-counsel would move "to be relieved in this matter," which the court interprets to mean withdraw as counsel for the plaintiff.

Failure to serve the defendants within 120 days of filing the complaint, the time allowed by Rule 4(m), may result in dismissal of the complaint.[4]  Failure to attend a pretrial or scheduling

---

[4] The complaint was filed July 3, 2007 in the U. S. District Court for the Eastern District of Louisiana and transferred to this
(continued...)

conference, or to be prepared for the conference, may result in the imposition of sanctions pursuant to Rule 16(f).

Plaintiff's response to the show cause order does not directly explain why neither defendant has been properly served. However, the apparent reason is that counsel for the plaintiff have not been paid yet for representing him in his criminal case, and so have not taken any action in his civil case. Considering the size of the fee and fact that the plaintiff was convicted in his criminal case, the prospect of counsel being paid the balance of the fee within 60 days seems remote. The response does not demonstrate good cause for failing to properly serve the defendants.

Moreover, a review of the plaintiff's complaint and his amended complaint reveals no viable claims against the named defendants. Although lengthy and rambling, the allegations center on the alleged lack of probable cause for the plaintiff's arrest and the search of the vehicle in which he was riding when he was arrested, and the amount of his bond.[5] These claims are likely

---

[4](...continued)
court September 25, 2007. Record document number 1.

[5] Plaintiff's amended complaint continues to include "claims" regarding the treatment of students at Last Chance Academy, the search of another person's vehicle after the plaintiff was arrested, and the way his mother was treated by unnamed police officers. Plaintiff cannot assert claims on behalf of these other persons.

barred by *Heck v. Humphrey*.[6]

Regarding the failure to file the status report and attend the scheduling conference, that counsel has not been paid yet for work done in the plaintiff's criminal case does not justify ignoring the order to file the status report and not showing up for the scheduling conference.  Counsel should have sought leave to withdraw from representation prior to the time the status report was due, and at least prior to the scheduling conference.

### Recommendation

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to Rule 4(m).

If this report is adopted, then the magistrate judge further recommends that no other sanctions be imposed on the plaintiff or counsel for failure to timely filed the status report, or on

---

[6] 512 U.S. 477, 114 S.Ct. 2364 (1994).  In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Until such time, the plaintiff simply has no cognizable claim.
    Insofar as the plaintiff is challenging the basis for his criminal conviction, his claims must initially be pursued through habeas corpus since the resolution of his claims may entitle him to immediate or early release.  *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987); *Clark v. Williams*, 693 F.2d 381 (5th Cir. 1982).

plaintiff's counsel for failure to attend the scheduling conference.

However, if this report is not adopted and the plaintiff is granted additional time to serve the defendants, then the magistrate judge further recommends that no extension of time be granted to the plaintiff for preparation of the status report, which will have to be filed prior the scheduling conference, and that the scheduling conference not be continued at the plaintiff's request.[7]

Baton Rouge, Louisiana, February 11, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] If the defendants are timely and properly served, the date for the scheduling conference will be set after the defendants make an appearance.